CLARK HILL LLP
Bradford G. Hughes, Esq. (SBN 247141)
bhughes@ClarkHill.com
Moreen K. Mekha, Esq. (SBN 328297)
mmekha@ClarkHill.com
555 South Flower Street, 24th Floor
Los Angeles, CA 90071
Telephone: (213) 891-9100
Facsimile: (213) 488-1178

Attorneys for Plaintiff DAVID WILLIAMS

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID WILLIAMS,<br><br>  Plaintiff,<br><br>v.<br><br>ANDREA NICOLE DOHERTY dba CALIFORNIA PORSCHE RESTORATION, DOES 1 through 20,<br><br>  Defendants. | Case No. '23CV2179 L    JLB<br><br>**COMPLAINT FOR:**<br>1. **BREACH OF CONTRACT**<br>2. **FRAUD**<br>3. **BREACH OF FIDUCIARY DUTY**<br>4. **CONVERSION**<br>5. **BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING**<br>6. **ACCOUNT STATED**<br>7. **VIOLATION OF CALIFORNIA VEHICLE CODE SECTIONS 11729 AND 11730**<br>8. **DECLARATORY RELIEF**<br>9. **INJUNCTIVE RELIEF**<br><br>**DEMAND FOR TRIAL BY JURY** |

Plaintiff, DAVID WILLIAMS ("Plaintiff"), through counsel, for his complaint, alleges as follows:

///

///

1
COMPLAINT FOR DAMAGES

Case No.:

274536252

# PARTIES

1. Plaintiff is a resident of Kerrville, Texas, and a party to an agreement for a vehicle consignment sale transaction to be performed in San Diego County, California.

2. Defendant, ANDREA NICOLE DOHERTY ("Defendant") is a resident of and a party to a vehicle consignment sale transaction to be performed in San Diego County, California.

3. Defendant conducts business as "California Porsche Restoration," "CPR Classic" and "CPR Classic Sales."

4. California Porsche Restoration, CPR Classic and CPR Classic Sales ("CPR") are DBAs for Defendant's automotive repair, restoration, consignment and sales business operating in Fallbrook, California, within San Diego County.

# JURISDICTION AND VENUE

5. Under 28 U.S.C. Section 1332(a), this Court has subject-matter jurisdiction over all claims at issue because the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and the parties are citizens of different states, namely, for diversity purposes, Plaintiff is a citizen of Texas and Defendant is a citizen of California.

6. Venue is proper with this Court pursuant to 28 U.S.C. Section 1391(b) because the acts and omissions and injury alleged herein substantially occurred in the County of San Diego and the relief requested is within the jurisdictional authority of this Court. Venue is further proper because Defendant is a citizen of California and is a resident of and conducts business in San Diego, California.

# ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

7. On May 25, 2021, Plaintiff and Defendant contracted to consign Plaintiff's 1986 Porsche 930 Turbo Coupe, VIN WP0JB0938GS050753 ("Porsche") to Defendant under the terms of a one-page Consignment Agreement. A copy of the Consignment Agreement is attached as **Exhibit "A"** and is incorporated by reference.

///

8. Under the Consignment Agreement, Defendant agreed to market and sell the Porsche in exchange for a pledge of a ten percent commission from the gross sale proceeds.

9. On June 11, 2021, Plaintiff delivered the Porsche to Defendant Doherty's possession as required by the terms of the Consignment Agreement.

10. When possession was given to Defendant for the purposes of marketing and selling the Porsche, the vehicle had approximately 38,255 miles on its odometer.

11. In June 2023, Defendant reported to Plaintiff that Defendant had a buyer for the Porsche.

12. On July 7, 2023, Plaintiff inquired of Defendant why a sale of the Porsche had not yet closed. Defendant told Plaintiff that the buyer had signed a contract, but he could not complete financing so she would not hold him to the deal, but another buyer from Chicago was interested in the car. Defendant advised Plaintiff that she knew this buyer well because, over the years, he had purchased roughly 25 cars. Defendant further advised Plaintiff that the new buyer recently sold his only Porsche 930 and wanted one to add to his collection. Defendant informed Plaintiff the new buyer had several homes around the country and would be flying to California to one of his homes and would view the car.

13. On July 17, 2023, Defendant reported to Plaintiff that the new buyer would be coming in on August 4, 2023, to personally look at the car.

14. On August 4, 2023, Plaintiff again contacted Defendant seeking an update on the sale of the Porsche. Defendant informed Plaintiff that the buyer wanted to buy the car, but wanted to have an inspector view and test the car first, which was in the process of being scheduled.

15. On September 5, 2023, Defendant told Plaintiff that she had sold the car and was still awaiting receipt of payment of the seller's funds in the amount of $149,000.00.

16. On September 18, 2023, Defendant told Plaintiff she received the buyer's funds and deposited it on September 14, 2023, but was waiting for the check to clear and it could take 10 days for that to happen.

///

17. On September 28, 2023, Defendant represented to Plaintiff that she was going to transfer his funds of $134,100.00 on Wednesday, October 4, 2023.

18. Plaintiff emailed wiring instructions to Defendant on September 29, 2023. The September 29, 2023 correspondence is attached as **Exhibit "B"** and is incorporated by reference.

19. Plaintiff's funds were not delivered on October 4, 2023, which rendered the promise to transmit such funds from Plaintiff to be false and was intentionally false when made.

20. On October 6, 2023, Defendant told Plaintiff that Defendant would send a wire transfer of funds to Plaintiff on October 9, 2023.

21. Again, on October 9, 2023, Defendant failed to transmit the net sale proceeds to Plaintiff by wire transfer.

22. On October 10, 2023, Defendant again promised to wire funds on that date as soon as possible.

23. On October 10, 2023, Defendant again failed to transmit Defendant's funds by wire transfer.

24. On October 12, 2023, Plaintiff sent an email to Defendant memorializing the numerous conversations with Defendant regarding the sale of Plaintiff's Porsche and demanded payment of funds by end of business day on October 13, 2023. The October 12, 2023 correspondence is attached as **Exhibit "C"** and is incorporated by reference.

25. As of the date of the filing of this Complaint, Defendant has failed and refused to perform Defendant's payment obligations and has failed to return the Porsche to Plaintiff.

## **FIRST CAUSE OF ACTION**
### **(Breach of Contract)**

26. Plaintiff incorporates the allegations in paragraphs 1-25 as though fully set forth in support of this cause of action.

///

27. The Consignment Agreement constitutes an enforceable contract under which Defendant agreed to market and sell the Porsche and under which Plaintiff agreed to pay a commission from the gross sale proceeds to Defendant.

28. Through a series of lies, falsehoods, and misrepresentations of fact, Defendant has failed and refused to perform Defendant's payment obligations and has failed to return the Porsche to Plaintiff.

29. Defendant has directly and proximately caused damages to the Plaintiff for diminished value, depreciation, lost use and enjoyment, and other incidental and consequential damages caused by Defendant's breaches.

30. By June 2023, Defendant had unnecessarily and without Plaintiff's authorization driven the Porsche (or authorized others to drive the Porsche) in violation of the agreement, so that as of that date, there were additional hundreds of miles on the odometer.

31. It is critical to holding value of classic cars (greater than twenty-five years old) to maintain low mileage.

32. The accrual of mileage over 39,000 miles creates a perception in the classic car marketplace of higher usage than mileage under a milestone such as 39,000 miles.

33. The usage, mileage, wear and tear placed upon the Porsche to drive it hundreds of miles were never authorized or approved by Plaintiff.

34. Moreover, the extensive usage of the Porsche placed the Porsche at risk of collision, scratches, dents, mechanical failure, or breakage, all of which could compromise the Porsche's value.

35. The operation of the Porsche on public roadways would have been conducted in violation of motor vehicle laws concerning registration and/or financial responsibility laws.

36. Plaintiff is entitled to all damages caused directly and proximately by the breach of the Consignment Agreement by the Defendant, together with attorneys' fees and costs.

## SECOND CAUSE OF ACTION

### (Fraud)

37. Plaintiff incorporates the allegations in paragraphs 1-36 as though fully set forth in support of this cause of action.

38. In all of the foregoing, Defendant made knowingly false representations of fact upon which Plaintiff relied, had a right to rely, and reasonably relied which caused Plaintiff damages.

39. The false representations of fact include, without limitation: (a) that the Porsche was close to a sale in late July 2023; (b) that the Porsche was close to conclusion of a sale in early August 2023; (c) that a buyer had made a down payment for the Porsche in September 2023; (d) that any realistic or probable sale was close to consummation at any point in time before approximately mid-September 2023; (e) that funds would be paid to Plaintiff on each of the various occasions they were promised; and (f) that the Porsche would remain in the immediate possession of Defendant's business premises and would not be extensively driven or accrue substantial miles, and thus potentially compromising the Porsche's value.

40. The Consignment Agreement and business reputation of Defendant led Plaintiff to believe that Defendant operated a legitimate consignment business.

41. Plaintiff had a right to rely upon the Defendant as a legitimate business because it had a California motor vehicle dealer's license, and represented to Plaintiff that Defendant operated a legitimate consignment and resale business. Plaintiff's reliance upon Defendant's representations was reasonable under the circumstances.

42. Despite Defendant's repeated assurances that a sale had been accomplished, and that the agreed-upon proceeds were being wired to Plaintiff, on each occasion stated above, Plaintiff became so suspicious of the serial excuses, delays, and missed promises and forecasts that Plaintiff declared breach and demanded relief.

/ / /

/ / /

43. Defendant's continued possession, operation, and use of the Porsche in contravention of Plaintiff's ownership rights directly and proximately caused damages to Plaintiff as alleged above.

44. The serial lies, deception, deceit, concealment, and failures of Defendant were intentional and willful and designed to enrich Defendant at the direct cost of Plaintiff.

45. Defendant's misconduct was so egregious as to was egregious, willful, wanton and in conscious disregard of the property and legal rights of the Plaintiff so as to entitle Plaintiff to exemplary damages against Defendant under Civil Code section 3294.

## THIRD CAUSE OF ACTION

### (Breach of Fiduciary Duty)

46. Plaintiff incorporates all prior allegations in paragraphs 1-45 as though fully set forth in support of this cause of action.

47. The Consignment Agreement created a relationship of trust between Defendant and Plaintiff.

48. Plaintiff entrusted the Porsche to Defendant's custody and care for the purpose of performing the Consignment Agreement.

49. Upon receipt of sale proceeds for the Porsche, it became Defendant's fiduciary and financial duty to convey the net sale proceeds to Plaintiff.

50. Defendant failed to deliver the net sale proceeds to Plaintiff.

51. In all of the foregoing, Defendant breached Defendant's fiduciary duties to responsibly handle the Porsche and its net sale proceeds due and payable to Plaintiff.

52. The breach of Defendant's fiduciary duty directly and proximately caused Plaintiff damages as alleged above.

## FOURTH CAUSE OF ACTION

### (Conversion)

53. Plaintiff incorporates the allegations in paragraphs 1-52 as though fully set forth in support of this cause of action.

/ / /

54. At all relevant times described in this Complaint, Plaintiff was the legal and rightful owner of the Porsche.

55. Plaintiff entered into a Consignment Agreement with Defendant where Defendant agreed to market, advertise, sell, and repair the Porsche only.

56. Defendant substantially interfered with Plaintiff's Porsche by knowingly and intentionally preventing Plaintiff from having access to the Porsche after Plaintiff, in order to avoid further damage from Defendant's actions, gave notice of Defendant's breach and tortious acts, and demanded payment of funds or return of the Porsche on October 12, 2023.

57. Defendant substantially interfered with Plaintiff's Porsche by knowingly and intentionally failing to wire the net sale proceeds of $134,100.00 for the Porsche to Plaintiff by October 4, 2023, October 9, 2023, October 10, 2023, and October 10, 2023, as promised by Defendant.

58. Defendant substantially interfered with Plaintiff's Porsche by knowingly and intentionally refused to return the Porsche after multiple demands by Plaintiff to return the Porsche to Plaintiff after Defendant's repeated failure to wire payment of the funds owed to Plaintiff under the Consignment Agreement.

59. Defendant substantially interfered with Plaintiff's Porsche by knowingly and intentionally driving the Porsche (or authorized others to drive the Porsche) hundreds of miles accumulating hundreds of miles on the odometer without registration or authority from the Plaintiff.

60. Defendant's actions and omissions constituted a wrongful taking, detention, and conversion of Plaintiff's rightfully owned Porsche.

61. Defendant's exercise of exclusive control and dominion over Plaintiff's rightfully owned Porsche after Plaintiff terminated the Consignment Agreement was wrongful and without legal right, title, or interest.

62. Defendant asserted such control and dominion with the intent to permanently deprive Plaintiff's rightfully owned Porsche.

/ / /

63. Plaintiff did not consent to the deprivation of the Porsche by Defendant.

64. Defendant's continued possession, operation, and use of the Porsche in contravention of Plaintiff's ownership rights directly and proximately caused damages to Plaintiff as alleged above.

65. Defendant's fraudulent misconduct in converting the Porsche to her own use and depriving Plaintiff of the sale proceeds was egregious, willful, wanton and in conscious disregard of the property and legal rights of the Plaintiff so as to entitle Plaintiff to exemplary damages against Defendant under Civil Code section 3294.

## FIFTH CAUSE OF ACTION

**(Breach of Covenant of Good Faith and Fair Dealing)**

66. Plaintiff incorporates the allegations in paragraphs 1-65 as though fully set forth in support of this cause of action.

67. Plaintiff and Defendant entered into a Consignment Agreement under which Defendant agreed to market, advertise, sell, and repair the Porsche only.

68. Implied by law in every contract in California is a covenant that the contracting parties deal with each other fairly and in good faith.

69. In addition to constituting breaches of contract and fraudulent conduct, the repeated and cumulative wrongful acts and breach of Defendant constitute breach of the implied covenant of good faith and fair dealing.

70. Plaintiff delivered the Porsche to Defendant Doherty's possession as required by the terms of the Consignment Agreement.

71. As of June 11, 2021, the Porsche was in Defendant's possession to market and sell in exchange for a pledge of a ten percent commission from the gross sale proceeds pursuant to the terms of the Consignment Agreement.

72. Defendant made knowingly false representations of fact upon which Plaintiff relied, had a right to rely, and reasonably relied which caused Plaintiff damages.

///

///

73. The false representations of fact include, without limitation: (a) that the Porsche was close to a sale in late July 2023; (b) that the Porsche was close to conclusion of a sale in early August 2023; (c) that a buyer had made a down payment for the Porsche in September 2023; (d) that any realistic or probable sale was close to consummation at any point in time before approximately mid-September 2023; (e) that funds would be paid to Plaintiff on each of the various occasions they were promised; and (f) that the Porsche would remain in the immediate possession of Defendant's business premises and would not be extensively driven or accrue substantial miles, and thus potentially compromising the Porsche's value.

74. On September 18, 2023, Plaintiff was informed that the Porsche had been sold and shipped to its buyer.

75. Upon receipt of sale proceeds for the Porsche, Defendant has failed and refused to perform Defendant's payment obligations and has failed to return the Porsche to Plaintiff.

76. Defendant, by failing to transmit the net sale proceeds to Plaintiff by wire transfer or return the Porsche to Plaintiff, has not acted fairly and in good faith.

77. Defendant has directly and proximately caused damages to the Plaintiff for diminished value, depreciation, lost use and enjoyment, and other incidental and consequential damages caused by Defendant's breaches.

78. Defendant's continued possession, operation, and use of the Porsche in contravention of Plaintiff's ownership rights directly and proximately caused damages to Plaintiff as alleged above.

## SIXTH CAUSE OF ACTION
### (Account Stated)

79. Plaintiff incorporates the allegations in paragraphs 1-78 as though fully set forth in support of this cause of action.

///

///

80. Pursuant to the terms of the Consignment Agreement, Defendant owes Plaintiff the sum of at least $134,100.00 as well as interest, and further expenses, costs and attorneys' fees.

81. On September 5, 2023, Plaintiff and Defendant agreed via a telephone conversation that the correct amount Defendant owed to Plaintiff for the net sale proceeds of the Porsche was $134,100.00.

82. On, Defendant promised to pay Plaintiff $134,100.00, payable by October 4, 2023, October 9, 2023, October 10, 2023, and October 10, 2023, close of business, for payment of the funds owed to Plaintiff under the Consignment Agreement.

83. As of the date of the filing of this Complaint, Defendant has not paid the $134,100.00 owed to Plaintiff, or any sum at all.

84. There is now due, owing and unpaid by Defendant to Plaintiff the sum of at least $134,100.00 as well as interest at the legal rate and further expenses, costs and attorneys' fees.

## SEVENTH CAUSE OF ACTION

**(Violation of California Vehicle Code Sections 11711, 11729 and 11730)**

85. Plaintiff incorporates the allegations in paragraphs 1-84 as though fully set forth in support of this cause of action.

86. California Vehicle Code Section 11711 (a) provides: If any person (1) shall suffer any loss or damage by reason of any fraud practiced on him or fraudulent representation made to him by a licensed dealer or one of such dealer's salesmen acting for the dealer, in his behalf, or within the scope of the employment of such salesman and such person has possession of a written instrument furnished by the licensee, containing stipulated provisions and guarantees which the person believes have been violated by the licensee, or (2) if any person shall suffer any loss or damage by reason of the violation by such dealer or salesman of any of the provisions of Division 3 (commencing with Section 4000) of this code, or (3) if any person is not paid for a vehicle sold to and purchased by a licensee, then any such person shall have a right of action against such dealer, his salesman,

and the surety upon the dealer's bond, in an amount not to exceed the value of the vehicle purchased from or sold to the dealer.

87. Section 11729 of the California Vehicle Code states that "any dealer engaging in consignment agreement" with a vehicle owner "shall execute a consignment agreement as prescribed by Section 11730." Cal. Vehicle Code § 11729.

88. Section 11729 further states that a dealer's license will be suspended or revoked if the dealer fails to "complete and comply with the terms of the prescribed consignment agreement for any vehicle which the dealer agrees to accept on consignment, or to pay the agreed amount to the consignor or his or her designee within 20 days after the date of sale of the vehicle." Cal. Vehicle Code § 11729.

89. Defendant's Consignment Agreement fails to satisfy the terms, phrases, conditions, and disclosures of the Consignment Agreement as prescribed in California Vehicle Code section 11730. Cal. Vehicle Code § 11730.

90. The Consignment Agreement does not include the termination terms and conditions as prescribed in California Vehicle Code section 11730.

91. The Consignment Agreement does not recite the payment terms and conditions as prescribed in California Vehicle Code section 11730.

92. The Consignment Agreement does not include the valuation disclosures of the Porsche as prescribed in California Vehicle Code section 11730.

93. Defendant has failed to pay the agreed amount to Plaintiff within 20 days after the Porsche was sold, in direct violation of California Vehicle Code sections 11729 and 11730.

94. Defendant, a dealer, failed to comply with the consignment statutes as outlined in California Vehicle Code sections 11729 and 11730.

95. As a result of Defendant's violation of California Vehicle Code sections 11729 and 11730, her dealer license is now subject to suspension or revocation by the California Department of Motor Vehicles.

///

12
COMPLAINT FOR DAMAGES
Case No.:
274536252

96. As a result of Defendant's violations of her obligations under sections 11729 and 11730 as a licensed dealer within the meaning of the California Vehicle Code, Chapter 4, and under as a result of her failure to remit the proceeds from the sale of the vehicle to Plaintiff within 20 days of the sale, under California Vehicle Code Section 11711 (c) Plaintiff is separately entitled to recover the agreed-upon price of $134,100.00 for the Porsche from the Defendant.

## **EIGHTH CAUSE OF ACTION**
### **(Declaratory Relief)**

97. Plaintiff incorporates the allegations in paragraphs 1-96 as though fully set forth in support of this cause of action.

98. In the alternative, an actual controversy exists between Plaintiff and Defendant of sufficient immediacy and reality to warrant issuance of a declaratory judgment.

99. Defendant is in default of its obligations to Plaintiff under the Consignment Agreement.

100. The Consignment Agreement is terminable at will by either party upon reasonable notice, or immediately for cause. Defendant terminated the Consignment Agreement on October 13, 2023, when she failed to wire the net sale proceeds of the Porsche to Plaintiff. Defendant did not return the Porsche to Plaintiff. Defendant continues to advertise, market, and use the Porsche without authorization from Plaintiff.

101. Plaintiff also seeks an order permanently restraining and enjoining Defendant from using, repairing, advertising, marketing, and selling the Porsche.

102. Plaintiff also seeks an order immediately requiring Defendant to return the Porsche to Plaintiff.

103. No adequate or speedy remedy at law exists.

/ / /

/ / /

/ / /

## NINTH CAUSE OF ACTION

### (Injunctive Relief)

104. Plaintiff incorporates the allegations in paragraphs 1-103 as though fully set forth in support of this cause of action.

105. As a direct and proximate cause of Defendant's ongoing intentional and wrongful acts, Plaintiff has suffered and will continue to suffer substantial pecuniary losses and irreparable injury. No adequate or speedy remedy at law exists.

106. Plaintiff has no adequate remedy at law to compensate him for the continuing damages and injuries inflicted by Defendant. Plaintiff is entitled to temporary, preliminary, and permanent injunctive relief.

107. The Porsche will be sold without injunctive relief thereby denying Plaintiff of title and possession of the Porsche and, given that the Porsche is rare and antique, it would result in irreparable harm for which monetary damages do not create adequate compensation.

## PRAYER FOR RELIEF

WHEREFORE, based upon the foregoing, Plaintiff prays for entry of judgment and the Court's orders as follows:

1. For an award of consequential, incidental, and special damages including $134,100.00, plus interest on such sums from the date such sums became due and liquidated at the legal rate, until paid in full;

2. For an award of attorneys' fees and costs, together with interest at the legal rate on such sums from the date of judgment until paid in full;

3. For exemplary and punitive damages in an amount not less than the amount of consequential damages awarded in the amounts requested above;

4. For imposition of a constructive trust for the Porsche and all proceeds thereof and an order directing release of the res of such trust to Plaintiff;

/ / /

/ / /

5.      For a pre-judgment writ of attachment on the Porsche and all proceeds thereof and an order directing the sheriff to replevy the Porsche and/or the proceeds thereof from any and all locations or third-party custodians of such funds including any purchasers, banks, financial institutions, insurers, or any other traceable location of the proceeds from any sale or disposition of the Porsche; and

6.      For such other and further relief as the Court deems just and equitable.

Dated: November 28, 2023        CLARK HILL LLP

By: _____
Bradford G. Hughes, Esq.
Moreen K. Mekha, Esq.
Attorneys for Plaintiff DAVID WILLIAMS

## DEMAND FOR TRIAL BY JURY

Plaintiff David Williams hereby demands a trial by jury.

Dated: November 28, 2023      CLARK HILL LLP

By: _____
Bradford G. Hughes, Esq.
Moreen K. Mekha, Esq.
Attorneys for Plaintiff DAVID WILLIAMS